IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. H-09-534 |
| | § | |
| EDGAR IVAN GUERRERO | § | |

**MEMORANDUM AND ORDER OF DETENTION PENDING TRIAL**

Defendant Edgar Ivan Guerrero has been charged by indictment with the offenses of

hostage taking in violation of 18 U.S.C. § 1203 and concealing illegal immigrants in

violation of 8 U.S.C. § 1324.  A detention hearing was held on October 27, 2009 pursuant

to the Bail Reform Act, 18 U.S.C. § 3142(f).

**Applicable Legal Standard**

As an initial matter, the Government argues that the statutory presumption of 18

U.S.C. § 3142(e)[1] against pretrial release applies to Guerrero,  because there is probable

---

[1]     The statute reads in relevant part:

(e)  Detention. –

\*        \*        \*

(3) Subject to rebuttal by the person, it shall be presumed that no condition or
combination of conditions will reasonably assure the appearance of the person as
required and the safety of the community if the judicial officer finds that there is
probable cause to believe that the person committed--

\*        \*        \*

(B) an offense under section 924(c), 956(a), or 2332b of this title;

cause to believe that he used or possessed a firearm in furtherance of a crime in violation of 18 U.S.C. § 924(c).  However, the indictment does not charge Guerrero with that offense, nor with any other presumption-creating offense listed in § 3142(e).  Even so, the Government contends that the § 3142(e) presumption arises where there is probable cause to believe defendant committed a listed offense, whether or not the offense is actually charged in the indictment or complaint.

The Fifth Circuit has not addressed this issue in a published opinion, but its unpublished *per curiam* decision in *United States v. Riojas*, No. 97-20012, 1997 WL 34611252 *1 (5th Cir. July 11, 1997), offers clear guidance.  Although the court ultimately affirmed the detention order on a different ground, the court  wrote that "the district court erred in applying the statutory presumption of 18 U.S.C. § 3142(e) to Guerrero *because she is not charged* with any offenses [enumerated in that statute]." *Id.* (emphasis supplied). Apparently this conclusion was so self-evident to the court that no further explanation was necessary.

Admittedly the unpublished *Riojas* opinion is not binding precedent in this circuit, but there is such precedent elsewhere.  In *United States v. Chimurenga*, the Second Circuit held:

> The plain language of the statute and the legislative history shows that the presumption was intended to arise only after a defendant has been charged with the particular offense by a valid complaint or indictment. . . . To hold the rebuttable presumption comes into play prior to a formal charge would rip the fabric of the statute's carefully sewn procedural safeguards.

760 F.2d 400, 405 (2d Cir. 1985).  While one may quibble whether the language of § 3142(e)

could have been plainer, the court is on solid ground with respect to the legislative history. The Senate Judiciary Committee report summarizing that  provision leaves no doubt about congressional intent:

> The second rebuttable presumption *arises in cases in which the defendant is charged with* felonies punishable by ten years or more of imprisonment described in 21 U.S.C. 841, 952(a), 955, and 959 which cover opiate substances and offenses of the same gravity involving non-opiate controlled substances, or *an offense under 18 U.S.C. 924(c)* which covers the use of a firearm to commit a felony.

S. Rep. No. 98-225, at 19-20 (1984), *as reprinted in* 1984 U.S.C.C.A.N. 3202-03 (emphasis supplied).  Moreover, the Committee Report expressly recognizes that there may be cases "not set forth in the section as a basis for a rebuttable presumption of dangerousness" that "warrant the inference that the person would be a danger to society even if released on the most restrictive conditions," as for example,  the case of a person charged with an offense involving the possession or use of a weapon.  *Id.*  In other words, Congress understood that while dangerousness might properly be inferred when a weapon was used in the course of a crime,  the statutory presumption of dangerousness could not properly be invoked when the crime charged was not listed in §3142(e).

The Second Circuit was also concerned about lack of notice to the defendant. *Chimurenga*, 760 F.2d at 405 ("[I]t may not be until defense counsel is standing with defendant at presentment that the government discloses that a firearm was found on defendant.  At that point defense counsel cannot be expected to rebut a presumption the government will seek to provoke then and there.").  This court shares that concern.  Notice

and opportunity to respond are fundamental components of due process, and should not be shortchanged in a preliminary hearing at which the defendant's liberty is at stake.[2]

In *United States v. Farguson*, 721 F. Supp. 128 (N.D. Tex. 1989), the only reported Texas case cited by the Government in support of its position, the district court discounted the Second Circuit's notice concerns because the defendant could seek to continue or reopen the hearing before trial, as permitted by § 3142(f). 721 F. Supp. at 130-31. But these procedural devices merely relieve one form of prejudice by creating another — the defendant remains in custody for as long as the hearing is delayed. Extended confinement seems an exorbitant price to pay for due process under the Bail Reform Act. Of course, *Farguson* is not binding precedent, and in any event was decided several years before the Fifth Circuit's clear direction in *Riojas*. For these reasons the court respectfully declines to follow *Farguson* , and concludes that this is not a presumption case.

**Findings of Fact**

Therefore, the court must determine whether the Government has shown either (1) by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Guerrero's appearance  in court, or (2) by clear and convincing evidence that he presents a danger to the community which no conditions could alleviate. Pursuant

---

[2]      There is another notice concern here.  This court was given no notice that it would be required to make a probable cause finding regarding an uncharged § 924(c) violation until the conclusion of the hearing.  In the usual case the court is aware of the rulings it must make in advance of the presentation of evidence so that the court can focus its attention on relevant evidence.  Like the defendant, the court was taken by surprise by the government's argument.

to 18 U.S.C. § 3142(g), the court makes the following findings of fact.

Guerrero is a 20 year old United States citizen born in Los Angeles. He lived with his mother in Mexico from the ages 10-17 before returning to the United States. His mother and 7 year old half sister continue to live in Mexico. He has a U.S. passport and visited his family in Mexico as recently as last month. Defendant has resided in the Houston area for only about a year, living in an apartment leased by friends. He has no family or financial ties to Houston. He reported to the pre-trial services officer that he suffers from depression and anxiety and desires mental health treatment.

The offenses charged here, hostage taking in violation of U.S.C. § 1203 and concealing illegal immigrants in violation of 8 U.S.C. § 1324, carry a potential penalty of 10 years to life in prison. There was testimony at the detention hearing that defendant offered no resistance to law enforcement and made no attempt to flee prior to arrest. However, there is no indication that he then realized he was facing a potential life sentence, which is a powerful incentive to flee. For these reasons, the Government has shown by preponderance of the evidence that there are no conditions of release which would assure the appearance of defendant in court as required.

As for danger to the community, the defendant has no known criminal record in the United States. One of the alien material witnesses reportedly identified Guerrero as a driver who picked up and delivered the aliens to various locations, and who sometimes carried a gun. While this is some evidence of dangerousness, it is counterbalanced by Guerrero's

5

complete lack of criminal history.  Moreover, law enforcement apparently did not regard Guerrero as particularly dangerous, since he was arrested nearly two months after his initial detention at the house where the hostages were found.  For these reasons, the Government has not shown by clear and convincing evidence that Guerrero poses such a danger to the community that no conditions of release would secure that risk.

**Conclusion and Order**

In sum, based on the accusations in the indictment, the information submitted in the pre-trial services report, and evidence presented at the detention hearing, including the facts set forth above, the court concludes that no condition or combination of conditions of release would assure the appearance of defendant in court as required.

It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas, on November 2, 2009.

Stephen Wm Smith
United States Magistrate Judge